IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDRA OTERO-OTERO<br><br>**Plaintiff**<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.<br><br>**Defendants** | **CIVIL NO.** 21-1474 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Plaintiff Sandra Otero-Otero ("Plaintiff") filed a *pro se* *Complaint* against the United States Attorney's Office for the District of Puerto Rico on September 29, 2021. (Docket No. 2). Specifically, Plaintiff alleges:

> The US ATTORNE'S [sic] OFFICE, has been included in the lawsuit because it had been asked that this Case was attended with an Investigation, for which. Former Prosecutor- Rosa E. Rodriguez Velez, and Lcda. Wanda Vazquez, have been in charge of the Investigation.
>
> […]
>
> I requested to this Court, contact Former Prosecutor- Rosa E. Rodriguez Velez, since, the agreements have been, that once the investigation will finish, the Monetary Claim, will be placed in an account under the supervision of the Federal Court, here in Puerto Rico., and that the changes are applied.

Id. ¶¶ 1, 5. Notably, Plaintiff also references several related complaints that were previously dismissed. Id. ¶¶ 2-3.

Throughout these proceedings, the Court has appointed Plaintiff with **three** different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 8, 14, 18).

On April 7, 2022, the Court issued the following order:

> The matters raised in the Complaint filed in this case have been the subject of four prior actions before the District of Puerto Rico which were dismissed. See cases nos. 12-cv-1826 (DRD), 13-cv-1793 (SEC), 14-cv-1881 (GAG), and 17-cv-1525 (CCC). Moreover, this Court appointed three pro-bono counsel all of which requested leave to withdraw from representing plaintiff. No substitute pro-bono counsel will be appointed. Lastly, At this juncture the Court must move the case forward. By **May 19, 2022**, Plaintiff shall file a motion showing cause why the Complaint should not be dismissed for the following reasons: (a) lack of subject matter jurisdiction; (b) failure to state a claim upon which relief can be granted; and (c) res judicata. Failure to timely comply with this order shall result in dismissal **with prejudice** under Fed. R. Civ. P. 41(b).

(Docket No. 25).[1] Plaintiff filed a *Motion in Compliance* on May 16, 2022 but failed to address the matters outlined by the Court. (Docket No. 28).

---

[1] Plaintiff's related cases are: Otero-Otero v Fortuño, et al, 12-cv-1826(DRD)(dismissed without prejudice for failure to state a claim upon which relief can be granted); Otero-Otero v. Fortuño, et al, 13-cv-1793(SEC)(dismissed without prejudice for failure to state a claim upon which relief can be granted); Otero-Otero v. Obama, 14-cv-1811(GAG)(dismissed with prejudice for the grounds for which cases nos. 12-cv-1826 and 13-cv-1793 were dismissed); and Otero v. US

28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual allegations." Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Additionally, District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of

---

Attorney's Office, 17-cv-1526(CCC)(dismissed for lack of interest in prosecution due to a failure to comply with an order to show cause).

Civil No. 21-1474                                                    Page 4

extreme misconduct" which may warrant dismissal. <u>Torres-Vargas v. Pereira</u>, 431 F.3d 389, 393 (1st Cir. 2005). When a "court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case [.]" <u>Id.</u>

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Complaint* for being frivolous and for failing to state a claim for which relief can be granted given the four previous dismissals in the following cases: 12-cv-1826 (DRD), 13-cv-1793 (SEC), 14-cv-1881 (GAG), and 17-cv-1525 (CCC). Furthermore, the Court has independent grounds to dismiss the current action in light of Plaintiff's failure to adequately comply with the Order at Docket No. 25. Thus, Plaintiff's *Complaint* at Docket No. 2 is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 18th day of October 2022.

                                      S/ RAÚL M. ARIAS-MARXUACH
                                      United States District Judge